IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>　　　　Plaintiff, )<br>)<br>-vs- )<br>)<br>RAYMOND TURNER, )<br>　　a/k/a Jada Turner, )<br>)<br>　　　　Defendant. ) | Case No. CR-14-247-D |

## ORDER

As directed by the Court, the parties have filed a Joint Notice [Doc. No. 381], explaining that the Motion to Amend Raymond Turner's Judgment to Reflect Joint and Several Liability [Doc. No. 331] should be considered an unopposed motion. Defendant Raymond Turner, aka Jada Turner, was indicted with five co-defendants for a series of crimes, including armed bank robbery and wire fraud. Each defendant entered a guilty plea pursuant to a plea agreement. At sentencing, the Court ordered five of the six defendants, including Defendant Turner, to pay restitution. The Judgments for each of those defendants, except for Defendant Turner's, indicate that the restitution obligation arising out of the defendants' joint conduct is joint and several with those other co-defendants, including Defendant Turner. *See* [Doc. Nos. 229, 233, 241, and 267]. Defendant Turner's Judgment [Doc. No. 272] does not provide that the restitution obligation is joint and several with any other defendant. Defendant Turner asserts that this was the result of a clerical mistake.

Defendant moves under Fed. R. Crim. P. 36 for an amendment of the Judgment, asking the Court to modify the restitution obligation by adding a designation that it is joint and several with other co-defendants. The government does not oppose. Rule 36 provides that "the court may at any time correct a clerical error in a judgment." This rule does not permit courts to substantively modify a defendant's sentence; it allows only correction of "clerical-type errors." *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996).

The Court finds it is not authorized to adjust Defendant Turner's restitution obligation under Rule 36. *United States v. Harris*, 982 F.2d 530, 1992 WL 367659 (10th Cir. 1992) (unpublished table decision) In *Harris*, the Tenth Circuit found that a district court's subsequent addition of a designation that a defendant's restitution obligation was joint and several with a co-defendant constituted a substantive change to the restitution order. *Id.* Adjusting a defendant's restitution obligation by making it joint and several, thus, is not a proper exercise of Rule 36 authority. *Id.*; *see United States v. Harris*, 7 F.3d 1537, 1538 (10th Cir. 1993); *United States v. Kieffer*, 702 F. App'x 734, 738 (10th Cir. 2017) (unpublished).

Therefore, since Rule 36 does not authorize the Court to make the substantive change to the Judgment requested by Defendant Turner, the Court finds that the Motion to Amend Raymond Turner's Judgment to Reflect Joint and Several Liability [Doc. No. 331] must be **DENIED**, without prejudice to a subsequent request supported by applicable authority.

**IT IS SO ORDERED** this 4th day of May, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge